IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DOE D. E. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF ) <br> AMERICA, ) <br> ) <br> and ) <br> ) <br> ROBERT McDONALD, Secretary of ) <br> the Department of Veterans Affairs, ) <br> ) <br> and ) <br> ) <br> MARK E. WISNER, an individual, ) <br> ) <br> Defendants. ) | Case No. _____ |

## COMPLAINT

COMES NOW, Plaintiff John Doe D.E., by and through his counsel of record, Dan Curry and Sarah Brown, and for his causes of action against the Defendants, hereby states as follows:

1. Plaintiff's causes of action arise under the Federal Tort Claims Act of 1948, 28 U.S.C. §§1346(b), 2671 *et seq.*

2. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the Judicial District where a substantial number of the events involved occurred or where the plaintiff resides, if there is no real property at issue. The negligent acts described herein took place in Leavenworth County, Kansas; the plaintiff is a resident of Kansas;

and there is no real property at issue. Venue is therefore proper in the District Court of Kansas.

3. Plaintiff's claims arose from negligent acts or omissions that occurred at the Dwight D. Eisenhower VA Medical Center ("VAMC") located at 4101 South 4th Street, Leavenworth, KS 66048. These acts occurred in October of 2013 and earlier.

4. On June 24, 2015, Plaintiff submitted an administrative claim Form-95 to the Department of Veterans Affairs ("Agency"). On September 10, 2015, the Department of Veterans Affairs sent Plaintiff a letter acknowledging receipt of his administrative claim. More than six months have passed since Plaintiff's submission of the administrative claim, which Plaintiff chooses to deem a denial of claim under 28 U.S.C. § 2675(a). Plaintiff has therefore exhausted administrative remedies.

5. Robert McDonald is named in his official capacity as the Secretary of the Department of Veterans Affairs.

6. Mark E. Wisner currently resides at 641 E. 8th Street, Horton, KS 66439. At all times relevant to this lawsuit, he was an employee, agent and/or servant of the Agency operating in the course of scope of his employment and agency.

7. Plaintiff is a decorated United States veteran who received a Purple Heart while conducting combat operations in Baghdad, Iraq. He suffered injuries in service, including gunshot and shrapnel wounds, that required amputation and ongoing treatment at the VA medical center.

## COUNT I
## NEGLIGENCE – MEDICAL MALPRACTICE
### All Defendants

8. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 7 as if fully restated herein.

9. Plaintiff suffered grievous injuries in the line of duty that resulted in the amputation of his leg and other injuries.

10. Plaintiff had been prescribed medication to treat phantom pain that he still experienced.

11. Defendant Wisner was a physician's assistant for the VA, who, as part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA physician.

12. To refill his medication prescription, Defendant Wisner required Plaintiff to undergo physical exams.

13. Defendant Wisner owed the Plaintiff the duty to use that degree of learning and skill ordinarily possessed and used by members of his profession and of that school of medicine in the community in which Defendant Wisner practiced medicine.

14. Defendants Agency and McDonald owed Plaintiff a duty to exercise reasonable care as the Plaintiff's condition required.

15. All Defendants owed Plaintiff the duty of using ordinary or reasonable care and diligence in providing him medical care.

3

16. All Defendants violated their duties to the Plaintiff when their medical treatment failed to meet the standard of care.

17. Defendant Wisner violated the standard of care when he:

   a. conducted an improper and/or unnecessary examination of Plaintiff's genitalia in October of 2013.

   b. failed to recognize his own impairment and refer the Plaintiff to another practitioner.

   c. failed to wear gloves during the exam of his genitalia.

   d. used his position to elicit unnecessary private information from the Plaintiff.

   e. recommended a prostate exam at his next exam when Plaintiff was beneath the age of 30.

18. Defendants Agency and McDonald violated their standard of care when they:

   a. failed to properly supervise Defendant Wisner.

   b. failed to adequately investigate his background.

   c. retained him in their employment.

19. Defendant Wisner's negligent acts were performed while he was on-the-clock, on the Defendants' premises and were reasonably incidental to his employment; Defendants Agency and McDonald are therefore vicariously liable for the tortious acts of Defendant Wisner.

20. The resulting harms suffered by the Plaintiff were foreseeable consequences of Defendants' negligence.

21. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant emotional distress and anger.

## COUNT II
## NEGLIGENT SUPERVISION, RETENTION AND HIRING
### Defendants Agency and McDonald

22. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 7 as if fully restated herein.

23. Defendant Wisner was a physician's assistant for the VA, who, as part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA physician.

24. Defendants owed Plaintiff the duty to exercise reasonable care to employ, supervise, control and retain a competent and careful physician's assistant to:
    a. provide competent medical care to the Plaintiff.
    b. perform work which involves a risk of physical harm unless it skillfully and carefully done.

25. Defendants violated that duty when they failed to exercise reasonable care when they decided to employ and continue to employ Defendant Wisner.

26. Defendants knew or should have known that Mr. Wisner was unable to provide competent medical care to the Plaintiff.

27. Upon information and belief, the Defendants knew or reasonably should have known that:

   a. Defendant Wisner had victimized other veterans at the Leavenworth VAMC.

   b. Defendant Wisner was a danger to patients.

   c. Defendant Wisner was an impaired practitioner.

   d. Defendant Wisner had propensities to provide improper medical care.

   e. Defendant Wisner had propensities to violate patient boundaries.

28. Defendants further had knowledge and reason to believe that Defendant Wisner's particular qualities and propensities to provide inadequate and inappropriate medical care, violate patient boundaries, and to act as an impaired practitioner presented an undue risk of harm to patients.

29. Defendants knew or should have known that continued employment of Defendant Wisner would continue to expose patients, such as Plaintiff, to potential harm.

30. Plaintiff's harms were within the risk created by Defendant Wisner's known propensities.

31. Defendants possessed reason to believe that employment of Defendant Wisner would result in undue risk of harm to others.

32. Defendants further knew or should have known that Defendant Wisner's conduct around patients such as Plaintiff required reasonable control and supervision.

33. Defendants failed to provide adequate oversight and review of Defendant Wisner's performance of his job duties.

34. Defendants further failed to adequately supervise and control Defendant Wisner given his known propensities toward harming patients.

35. The resulting harms suffered by the Plaintiff were foreseeable consequences of Defendants' negligence.

36. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant emotional distress and anger.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

37. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 7 as if fully restated herein.

38. Defendant Wisner's examination of Plaintiff was committed with reckless disregard for the plaintiff.

39. Defendant Wisner's conduct was extreme and outrageous.

40. Defendant Wisner's conduct was committed within the course and scope of his employment by Defendants Agency and McDonald, and therefore Defendants Agency and McDonald are vicariously liable for Defendant Wisner's outrageous acts.

41. Defendants Agency and McDonald's failure to supervise, control and fire Defendant Wisner was extreme and outrageous.

42. Defendants' conduct was the direct and proximate cause of foreseeable mental distress for the Plaintiff.

7

43. Plaintiff's mental distress was extreme, severe, medically diagnosable and significant such that no reasonable person should be expected to endure it.
44. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant emotional distress and anger.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and prior.

Respectfully submitted,

/s/Dan Curry
Dan Curry, KS22750
Sarah Brown, KS12130
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

Comes Now, Plaintiff, and hereby designates Kansas City, KS, as the place of trial.

        Respectfully submitted,

        /s/Dan Curry
        BROWN & CURRY, LLC
        406 W. 34th Street, Suite 810
        Kansas City, MO 64111
        (816) 756-5458
        dan@brownandcurry.com
        sarah@brownandcurry.com
        ATTORNEYS FOR PLAINTIFF