**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN DOE DE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-2162-CM-TJJ |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant the United States of America's Motion to Stay (ECF No. 23). The United States asks the Court to stay this case until the criminal charges pending against Defendant Mark Wisner are resolved. Plaintiff opposes the motion. For the reasons discussed below, the Court denies the motion.

**Background**

Plaintiff filed this complaint on March 14, 2016, naming the United States of America, Robert McDonald in his capacity as Secretary of the Department of Veterans Affairs, and Mark E. Wisner as Defendants.[1] Plaintiff obtained service on all Defendants. On April 25, 2016, Wisner filed a motion to stay the case.[2] On June 3, 2016, the undersigned Magistrate Judge entered an order denying the motion.[3]

---

[1] ECF No. 1. With leave of court, Plaintiff has twice amended his complaint. *See* ECF Nos. 16, 31.

[2] ECF No. 10.

[3] ECF No. 14.

On August 16, 2016, the United States responded to Plaintiff's complaint by filing a motion to dismiss for lack of jurisdiction and failure to state a claim,[4] along with the instant motion. Plaintiff has responded to state his opposition.[5]

**Legal Standard**

A party who applies for a stay has the burden to make a clear showing of hardship or inequity if a fair possibility exists that a stay would cause damage to another party.[6] In the context of a requested stay pending the outcome of criminal proceedings, the Constitution generally does not require a stay absent substantial prejudice to the requesting party's rights.[7] "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated."[8]

In this instance, the request for stay does not come from a party whose Fifth Amendment rights are implicated. Instead, the United States asserts that Wisner will refuse to testify and that without his testimony, the United States cannot properly defend this action. Even so, the United States urges the Court to consider the following factors in exercising its discretion: (1) the extent to which the defendants' Fifth Amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with any or all aspects of the litigation, and the potential prejudice to plaintiffs of a delay; (3) the burden that any particular aspect of the proceedings may have on

---

[4] ECF No. 21.

[5] ECF Nos. 28, 29.

[6] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

[7] *Id.* (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

[8] *Id.* (citing *Keating*, 45 F.3d at 324).

defendants; (4) the convenience of the court in the management of its cases and the efficient use of judicial resources; (5) the interests of persons who are not parties to the civil litigation; and (6) the interests of the public in the pending civil and criminal litigation.[9]

The Court must examine the totality of the circumstances in determining whether a stay is warranted.[10]

**Arguments of the Parties**

In its motion, the United States offers more assertions than analysis with regard to the legal factors the Court is to consider. For instance, the United States conclusively states without legal authority that the most important factor is the private interests of and burden on the defendant.[11] It then asserts that Wisner will not give testimony in this case, which ultimately may turn out to be true but is not currently knowable, and that consequently the United States cannot properly defend this matter. The United States even purports to speak for Plaintiff, stating that Plaintiff will be prejudiced if he is forced to proceed without Wisner's testimony.[12]

Addressing the remaining factors, the United States asserts "there can be no doubt that there is a substantial overlap between the criminal and civil proceedings at issue,"[13] and points

---

[9] Memorandum of Law in Support of Defendant's Motion to Stay (ECF No. 25) at 3. The United States purports to quote Judge Van Bebber's ruling in *Starlight International, Inc. v. Herlihy*, No. 97-2329-GTV, 1998 WL 560045, at *1 (D. Kan. Aug. 4, 1998), but the quoted language is not from the cited case. It is a different formulation that is similar but not identical to the factors set forth in *Starlight International, Inc.* The Court has recited the factors as they appear in *Starlight International, Inc.*, a case arising from this District.

[10] *Starlight Int'l, Inc.*, 1998 WL 560045, at *1 (citing *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1970)).

[11] ECF No. 25 at 3.

[12] *Id.*

[13] *Id.* at 4.

out that Wisner's criminal proceedings are active with trial currently set to begin on October 31, 2016.[14]  Finally, the United States acknowledges that Plaintiff, the court, and the public have an interest in this case moving forward expeditiously, but that a stay would impose only a slight burden on them because the trial date is imminent.[15]

Plaintiff opposes the motion and disagrees with the United States' views on the various factors.[16]  First, Plaintiff argues that Wisner may assert his Fifth Amendment rights not only with respect to the trial of his pending criminal charges, but also during the pendency of any appeal and for uncharged conduct.  Consequently, a stay would not serve the purpose the United States suggests.  Second, Plaintiff contends that Wisner has admitted to committing the wrongful acts complained of in Plaintiff's second amended complaint, which leaves as the primary dispute whether the United States know or should have known of those acts and failed to take appropriate measures to prevent them.  Whether Wisner invokes the Fifth Amendment would have no bearing on such discovery.  Finally, Plaintiff argues the United States has not set forth a compelling reason to stay the case, while conversely Plaintiff would be prejudiced by delaying the proceedings.

**Analysis**

The Court concludes, after considering all relevant factors, that under the totality of the circumstances the stay should be denied.  By denying either it or Wisner has admitted Wisner committed the wrongful acts complained of in Plaintiff's second amended complaint, the United States contradicts its own assertion that "there can be no doubt that there is a substantial overlap

---

[14] *Id.*

[15] *Id.*

[16] ECF No. 29.

between the criminal and civil proceedings at issue." Moreover, the United States has no Fifth Amendment rights to be considered, and no standing to assert Wisner's Fifth Amendment rights.[17] This factor, which essentially examines the extent to which Wisner's Fifth Amendment rights are implicated, weighs against a stay.[18]

Plaintiff asserts that a stay of proceedings would severely hinder his ability to prosecute his claims, and the Court agrees. The United States presents no compelling argument why Plaintiff should not be able to conduct the discovery necessary to prosecute his claims against the United States, regardless of whether and for how long Wisner might refuse to testify. The Court also notes that if Wisner does refuse to testify in this civil action, Plaintiff will be entitled to obtain a negative inference from Wisner's invocation of his Fifth Amendment privilege,[19] and a stay may well delay or preclude Plaintiff from obtaining the benefit of that inference. "Because plaintiffs are often 'entitled to preserve the fact that they were deprived of information' due to a defendant's invocation [of the Fifth Amendment right against self-incrimination], a stay may impede a plaintiff's ability to obtain these 'negatives inferences.'"[20] This factor argues against a stay.

---

[17] "The decision of whether to testify lies solely with the defendant." *United States v. Hollis*, 191 F. Supp. 2d 1257, 1269 (D. Kan. 2002).

[18] This factor (the extent of overlap) is sometimes viewed as the "most important factor in ruling on a motion to stay." *E.g., DeAtley v. Allard*, No. 14-cv-00100-RM-KMT, 2014 WL 1258170, at *2 (D. Colo. March 27, 2014); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).

[19] *See Nat'l Reinsurance Corp. v. Mkt. Risk Mgmt., Inc.,* No. 91-4003-C, 1992 WL 190694, at *2 (D. Kan. July 29, 1992) ("Despite Ausbrook's invocation of his Fifth Amendment privilege against self-incrimination, this court may infer that the plaintiff's facts are uncontroverted because Ausbrook has offered no rebuttal evidence.").

[20] *Aspen Fin. Serv. v. Dist. Court.*, 289 P.3d 201, 209 (Nev. 2012) (quoting *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1239 (N.D. Okla. 2003)).

As for the effect a stay would have on Defendants, the Court is not persuaded that the United States will be hampered in its ability to defend itself if the Court denies its motion. Wisner's criminal trial is scheduled to begin on October 31, but this is not the first setting and further continuances would not be surprising. If the trial results in a conviction, Wisner will have an automatic right to appeal.[21] And while the Court recognizes that statutes of limitations will protect Wisner from exposure to prosecution at some point, it is not inconceivable that the State will bring additional charges against him.[22] The United States concedes that the "calculus would change" if Wisner continued to assert his Fifth Amendment rights after trial,[23] which suggests a recognition that Plaintiff and the United States may litigate this case to its conclusion without Wisner's testimony. Indeed, even if the Court were to grant the requested stay, it may be that the United States ultimately tries its case without Wisner's testimony. [24] The Court concludes that no substantial prejudice to its rights will befall the United States absent a stay.

Rule 1 of the Federal Rules of Civil Procedure provides for the "just, speedy, and inexpensive determination" of all civil matters,[25] and the Court finds that requirement instructive as to the remaining factors. An indefinite delay would hinder those interests.

---

[21] *See* K.S.A. 22-3602.

[22] The Court has not studied the pending charges and has no knowledge regarding the prosecution other than what has been publicly reported.

[23] ECF No. 32 at 3.

[24] In its reply, the United States asserts that Wisner's treatment of other veterans is relevant because Plaintiff has alleged a failure to supervise claim. ECF No. 32 at 3. That may well be, but simply pointing out another line of questioning the government would pursue does not change the analysis.

[25] Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED THAT** Defendant the United States of America's Motion to Stay (ECF No.23) is DENIED.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of September, 2016.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
