# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN DOE DE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-2162-CM-TJJ |
| | ) | (Consolidated Group One cases) |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mark Wisner's Motion for Protective Order Staying Wisner's Deposition (ECF No. 112). Wisner asserts that an August 22 and 23, 2017 deposition in Kansas City, Kansas would interfere with his Sixth Amendment rights to counsel and trial and cause undue burden. Those Plaintiffs who have responded oppose the motion. The government does not oppose the motion. For the reasons discussed below, the Court grants the motion.

### I. Background

Since the inception of these cases, Wisner has proceeded pro se. On July 3, 2017, the Court appointed Erin Thompson as counsel for Mr. Wisner for the limited purpose of consultation in preparation for and during Mr. Wisner's deposition in these Group One cases.[1] In this motion, Ms. Thompson recounts the severe limitation on confidential attorney-client visits imposed by the Leavenworth County Jail which has resulted in, among other things, counsel not being able to visit her client until July 31, 2017. By way of her own affidavit and another from

---

[1] ECF No. 89.

Wisner's criminal defense attorney, Ms. Thompson has informed the court the Leavenworth County Jail has a single room for confidential attorney-client visits and reservations for the room can be made only for afternoons.[2] Even with a reservation, the meeting room was unavailable to Ms. Thompson for her first scheduled visit and Wisner was understandably unwilling to meet in a non-confidential setting.

Wisner's criminal trial is set to begin on August 28, 2017, and is predicted to conclude in less than two weeks. While Plaintiffs point out that the trial has had previous settings from which it has been continued, there is no indication that trial will not commence on that date. Wisner's counsel for his criminal proceedings states that, given the visitation difficulties, having his client absent for two full days in the week before trial would cause great difficulty and likely cause loss of valuable preparation time. He has been able to schedule only three reservations in the attorney-client contact room for the week of August 21.

## II. Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the . . . discovery."[3] The decision to enter a protective order is within the Court's broad discretion.[4] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested

---

[2] ECF Nos. 113-2, 113-3.

[3] Fed. R. Civ. P. 26(c)(1)(A).

[4] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[5]

In addition, the party seeking a protective order bears the burden of establishing good cause.[6] To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[7]

**III.    Analysis**

Wisner contends that preventing him from meeting with his criminal defense attorney for two full days in the week preceding his criminal trial would be oppressive and an improper intrusion into his Sixth Amendment right to trial, as well as interfere with his Sixth Amendment right to counsel. In many instances a deponent will seek protection from having to give sworn testimony in a civil case where a possibility exists that the deponent may face criminal charges related to the events in question. Here, however, the threat is real and imminent; Wisner has been charged and his criminal trial is just over two weeks away.

Wisner does not seek a protective order precluding him from being deposed in these consolidated cases. Instead, he merely seeks a delay of approximately thirty days until after his criminal trial concludes.

Plaintiffs John Doe DE, Christopher Anasazi, and John Doe A jointly responded through counsel to oppose the motion. Plaintiffs Cody Lambert, Edward Major, and Darren Mathis filed a response joining in the opposition. They argue first that rescheduling the deposition places a burden on eight sets of counsel who would need to find a mutually agreeable date. While the

---

[5] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[6] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[7] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

3

Court is sympathetic to this argument, the government has offered to reschedule any of the Plaintiffs' depositions it has noticed for September 11-18, 2017 so that Wisner can be deposed on any of those dates. Plaintiffs Cody Lambert, Edward Major, and Darren Mathis are among those to be deposed on those dates. The Court finds this offer provides a legitimate alternative that allows Wisner to be deposed within 30 days of his currently scheduled deposition and significantly lessens the burden Plaintiffs assert.

Plaintiffs further argue that rescheduling the deposition would make it easier for Wisner to prepare for his criminal trial. The Court rejects this argument.

The Court finds that forcing Wisner to sit for deposition on August 22 and 23, 2017 in Kansas City would be oppressive and cause undue burden on his Sixth Amendment rights related to his August 28, 2017 criminal trial in Leavenworth County. Wisner has demonstrated good cause for a protective order to be entered, and the Court hereby grants his motion.

**IT IS HEREBY ORDERED** that Defendant Mark Wisner's Motion for Protective Order Staying Wisner's Deposition (ECF No. 112) is granted. Wisner's deposition will not commence on August 22, 2017.

Dated this 18th day of August, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
TERESA J. JAMES
UNITED STATES MAGISTRATE JUDGE